# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# COOKEVILLE DIVISION

| | |
|---|---|
| WILLIAM GARY ARNOLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-00063 |
| ) | Judge Sharp / Knowles |
| ERIN BULLARD and MELISSA EALEY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion for "Partial Dismissal for Failure to State a Claim" filed by Defendant Melissa Ealey, LPN. Docket No. 34.[1] Along with her Motion, Defendant Ealey has contemporaneously filed a supporting Memorandum of Law and a proposed Order of Partial Dismissal of the claims against her. Docket Nos. 34-1, 34-2. Defendant Ealey seeks dismissal of Plaintiff's claims against her, arguing that, even taking the allegations of his Complaint as true, they fail to demonstrate the existence of an unlawful policy, practice, or custom, much less a causal link between Defendant Easley and such policy, practice, or custom and a violation of Plaintiff's constitutional rights. Docket No. 34-1.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C. § 1983, alleging that Jail Administrator Erin Bullard and Jail Nurse Melissa Ealey violated his Eighth Amendment rights in denying him proper medical care for a broken hand. Docket No. 1.[2]

---

[1] Defendant Erin Bullard is not a party to the instant Motion.

[2] Plaintiff has filed an Amended Complaint, in which he seeks to amend only the last name of Defendant Ealey. Docket No. 8. The Amended Complaint seeks no substantive changes.

Specifically, Plaintiff avers:

> On August 24, 2015 I had an altercation with another inmate, around 1:00 pm. At which time I believed that my hand was broken. I asked for medical treatment right after the altercation was over, but was refused until August 25 around 5:00 am, when I asked the facility nurse (Melissa Pryor)[3] if she would see me today as I put in a request to receive treatment on my hand yesterday (the 24th). At that time I was told by Nurse Pryor that the Jail Administrator instructed her not to treat my hand, which at this time was showing clear physical signs of damage. Around 10:45 am on the 25th of August, as I was being brought back from Court, I was able to talk to Mrs. Bullard (JA) who told me that I would receive no "reward" of treatment for fighting in her jail. Correction Officer Jake [unintelligible], whom was bringing me back from court and heard Mrs. Bullard refuse me adequate treatment has told me that he would only testify in court if subpeonaed [sic]. For the next couple of days, I being in severe pain and not able to use my broken hand, requested treatment for pain and my hand and was repeatedly refused. On August 27th, I was taken to court and was appointed the public defender April Cravens and asked for her help to receive medical treatment. She told me that she got the same answer from the Jail Administrator and then asked Judge Collison to be excused from representing me. Judge Colsen [sic] appointed me to Attorney Cantrell whom brought my request for medical attention to Judge Collison, whom after seeing my obvious injury, ordered the Jail Administrator and Nurse to get my hand xrayed and to give adequate treatment. Sep [sic] 6th around 11:38 am I was taken to get my hand xrayed where the broken bone was confirmed. I was given I-bus [sic] medicine for pain which was of no effect in pain relief as it is equivalent to tylenol over the counter pain medicine and my injury is to [sic] severe for that pain medicine to work properly. I asked for stronger medicine to relieve the pain and was refused. I stopped taking the I-bus [sic] because it was doing no good and I was protecting my liver from damage. The Nurse stopped giving me the I-bus [sic] but wouldn't give me anything stronger. On Sep [sic] 10th, I was taken to see Orthopedic Surgeon Dr. Holman. After seeing the xrays, he told me that my broken bone was already trying to heal incorrectly, due to me not being treated in a timely

---

[3] Plaintiff amended his Complaint to change Melissa Pryor's last name to Ealey. Docket No. 8. Melissa Pryor is, therefore, Defendant Ealey.

> manner. He set me another appointment for October 12th, 2015, to do what needed to be done, so that my hand would heal correctly, but the Jail Administrator and Nurse have not taken me to this appointment. I am currently still in severe pain and believe that the 8th amendment affords me adequate treatment under the Federal law. . . .

Docket No. 1 (footnote added).

Plaintiff sues Defendants Bullar and Ealey in their individual and official capacities, seeking compensatory damages for pain and suffering, as well as medical expenses. *Id.*, p. 2, 6. He also "hope[s this] will create a change in procedure of this Jail." *Id.*

For the reasons discussed below, the undersigned recommends that Defendant Ealey's Motion for "Partial Dismissal" be GRANTED and that the official capacity claims against Defendant Ealey be DISMISSED.[4]

## II. Analysis

### A. Standard of Review: Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) provides that a claim may be dismissed for failure to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.* A complaint containing a statement of facts that merely creates a suspicion of a legally cognizable right of action is insufficient. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The "[f]actual allegations must be enough to raise a right to relief

---

[4] Plaintiff's individual capacity claims against Defendant Ealey, as well as his individual and official capacity claims against Defendant Bullard, should proceed at this juncture.

above the speculative level"; they must "state a claim to relief that is plausible on its face." *Id*. At 1965, 1974. *See also, Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007).

Moreover, the United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 137 L. Ed. 2d 868 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior error, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

129 S.Ct. at 1949-1950, 173 L. Ed. 2d at 884 (citations omitted).

## B. 42 U.S.C. § 1983

### 1. Generally

As has been noted, Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

4

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988)*, citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255*, quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043, 85 L. Ed. 1368 (1941).

## 2. Individual Capacity Claims

42 U.S.C. § 1983 does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 454, 70 L. Ed. 2d 509 (1981). *See also, Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978); *Street v. Corrections Corp. of America*, 102 F.3d 810, 818 (6th Cir. 1996).

In order for Defendants to be held liable in their individual capacities, Plaintiff must

demonstrate that each Defendant personally condoned, encouraged, or participated in the conduct that allegedly violated his rights. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (citations omitted). *See also, Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984) (*citing Hays v. Jefferson County,* 668 F. 2d 869, 872-874 (6th Cir. 1982) (The supervisor must have "at least implicitly authorized, approved or knowingly acquiesced in" the misconduct.) Conclusory allegations are not enough. *See Street,* 886 F.2d at 1479. *See also, Anderson,* 477 U.S. at 257; *Nix v. O'Malley,* 160 F.3d 343, 347 (6th Cir. 1998); *Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990); *McDonald v. Union Camp Corp.,* 898 F.2d 1155, 1162 (6th Cir. 1990). Plaintiff must establish a "causal connection between the misconduct complained of and the official sued." *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

### 3. Official Capacity Claims

In complaints alleging federal civil rights violations under § 1983, "[a]n official capacity claim filed against a public employee is equivalent to a lawsuit directed against the public entity which that agent represents." *Claybrook v. Birchwell*, 199 F.3d 350, 355 n.4 (6th Cir. 2000) (*citing Kentucky v. Graham*, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985)). *See also, Frost v. Hawkins County Bd. of Educ.*, 851 F.2d 822, 827 (6th Cir. 1988). As such, when a public employee is sued in his or her official capacity, the claims are essentially made against the public entity. *Id*.

Defendant Ealey is the Nurse at the Overton County Jail. Docket No. 1. With regard to the official capacity claims against her, Defendant Ealey stands in the shoes of her employer, Southern Health Partners, Inc., a private entity that contracts with the State to provide medical

care to the inmates of the Overton County Jail. *See* Docket No. 34-1. A private entity that contracts with the State to perform a traditional state function, such as providing medical care to inmates, acts under color of state law and may be sued under § 1983. *Hicks v. Frey*, 992 F.2d 1450, 1458 (6th Cir. 1993); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Thus, Southern Health Partners, Inc., is amenable to suit under § 1983.

Section 1983, however, does not permit the imposition of liability based upon *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). In order for Southern Health Partners, Inc., to be held liable, therefore, Plaintiff must plead allegations, *inter alia*, that an "official policy or custom was adopted by the official makers of policy with 'deliberate indifference' towards the constitutional rights of persons affected by the policy or custom." *City of Canton v. Harris*, 489 U.S. 378, 387-88 (1989). *See also, Monell v. Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978) (In order to find a governmental entity liable, Plaintiff must establish that (1) he / she suffered a deprivation of a constitutionally protected interest, and (2) the deprivation was caused by an official policy, custom, or usage of the local governmental entity.).

### 4. Eighth Amendment

#### a. Generally

The Eighth Amendment provides that:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

U.S. Const. amend. VIII.

The United States Supreme Court has held that the constitutional prohibition of "cruel and unusual punishments" forbids punishments that are incompatible with "the evolving

standards of decency that mark the progress of a maturing society," or which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976) (citations omitted).

In order to establish an Eighth Amendment claim, an inmate must satisfy a two-prong test: (1) the deprivation alleged must be objectively serious; and (2) the official responsible for the deprivation must have exhibited deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2d 811 (1994).

**b. Deliberate Indifference To Serious Medical Needs**

The State has a constitutional obligation, under the Eighth Amendment, to provide adequate medical care to those whom it has incarcerated. *Estelle,* 429 U.S. at 104, 97 S. Ct. at 291.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle,* 429 U.S. at 104. This is true "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Id*. at 104-05.

Not every prisoner's allegation of inadequate medical treatment, however, is a violation of the Eighth Amendment. *Estelle,* 429 U.S. at 105. For instance, courts have held that the accidental, inadvertent, or negligent failure to provide adequate medical care does not state such a claim. *Id.* at 105-06 (citations omitted).

Pursuant to Supreme Court precedent, the Sixth Circuit held, in *Hunt v. Reynolds*, that Eighth Amendment deliberate indifference claims must contain both an objective component,

8

"that [plaintiff's] medical needs were sufficiently serious," and a subjective component, "that the defendant state officials were deliberately indifferent to the plaintiff's needs." 974 F.2d 734, 735 (6th Cir. 1992) (citations omitted).

In order to satisfy the objective requirement, the Supreme Court requires that an inmate demonstrate evidence of a current harm or evidence of a medical complaint or condition of confinement that "is sure or very likely to cause serious illness and needless suffering." *Helling v. McKinney*, 509 U.S. 25, 33, 113 S. Ct. 2475, 2480, 125 L. Ed. 2d 22 (1993). Under the Eighth Amendment, inmate plaintiffs, must allege, at the very least, unnecessary pain or suffering resulting from prison officials' deliberate indifference. *Id*. (prisoner alleging that he suffered pain and mental anguish from delay in medical care states a valid Eighth Amendment claim).

As for the subjective element, the Sixth Circuit has held that "a determination of deliberate indifference does not require proof of intent to harm." *Weeks v. Chaboudy*, 984 F.2d 185, 187 (6th Cir. 1993). There must, however, be a showing of deliberate indifference to an inmate's serious medical needs. *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988) (*citing Westlake v. Lucas*, 537 F. 2d 857, 860 n. 3 (6th Cir. 1976)). In fact, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994) (citations omitted). The inquiry, therefore, according to the Sixth Circuit, is "[w]as this individual prison official aware of the risk to the inmate's health and deliberately indifferent to it?" *Thaddeus-X*, 175 F.3d at 402 (*citing Farmer v. Brennan*, 511 U.S. 825, 837, 844, 114 S. Ct. 1970, 1979, 1982-83, 128 L. Ed. 2d 811 (1994)).

**C. The Case at Bar**

In the instant action, Plaintiff sues Defendant Ealey in her official capacity as the Nurse of the Overton County Jail. Docket No. 1. As noted, with regard to the official capacity claims against her, Defendant Ealey stands in the shoes of her employer, Southern Health Partners, Inc.

As can be seen in the factual allegations of Plaintiff's Complaint recounted above, Plaintiff does not contend that any official Southern Health Partners, Inc., policy, practice, or custom caused the alleged deprivation of his rights. Because Plaintiff does not allege, much less establish, that the alleged violations of his rights were caused by an official Southern Health Partners, Inc., policy, practice, or custom, he cannot sustain his official capacity claims against Defendant Ealey, and those claims should be dismissed.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant Ealey's Motion "for Partial Dismissal for Failure to State a Claim" (Docket No. 34) be GRANTED and that Plaintiff's official capacity claims against her be DISMISSED.[5]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See*

---

[5] As noted, Plaintiff's individual capacity claims against Defendant Ealey, as well as his individual and official capacity claims against Defendant Bullard, should proceed at this juncture.

*Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge