UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM GARY ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-00063 |
| | ) | Judge Sharp |
| ERIN BULLARD and MELISSA EALEY, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On September 2, 2016, Defendants Erin Bullard and Melissa Ealey, LPN, filed separate Motions for Summary Judgment (Docket Nos. 57 & 64), to which no responses have been filed. In fact, with the response deadline looming, Plaintiff's counsel requested a fifteen day extension because he had lost contact with his client, who apparently had been in "multiple correctional facilities in Middle and West Tennessee[.]" (Docket No. 68 at 1). That request for an extension was granted, but still no response was filed. On April 6, 2017, now more than six months after the deadline for responses, the Court held a status conference, during which Plaintiff's counsel stated that he had searched "various jails," but could not find his client and he therefore had no basis to respond to the Motions for Summary Judgment.

Although Defendants' Motions are unopposed, the Sixth Circuit has stated that "a district court may not use a party's failure to respond (in whole or in part) as a reason for granting summary judgment 'without first examining all the materials properly before it under Rule 56(c).'" Briggs v. Univ. of Detroit-Mercy, 611 F. App'x 865, 870 (6th Cir. 2015) (quoting, FTC v. E.M.A. Nationwide, Inc., 767 F.3d 611, 630 (6th Cir. 2014)). Having conducted a review of the matters properly before

1

the Court, it is clear that both Defendants are entitled to summary judgment.

This Court's Local Rules require that a party moving for summary judgment provide a statement of material facts, and that the opponent provide a response thereto. L.R. 56.01(b). The rule goes on to provide that a "[f]ailure to respond to a moving party's statement of material facts . . . within the time period provided by these Rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." L.R. 56.01(g).

Plaintiff brings his claims under the Eighth Amendment, alleging that he was not provided adequate treatment (or received no treatment) after he injured his hand while housed at the Overton County Jail.[1] However, his contentions are belied by what is properly before the Court in the form of evidence.

Defendants have submitted a Declaration from Defendant Bullard, the Jail Administrator, as well as incident reports and progress notes from both the jail nurse and a treating physician. They reveal the following:

On August 24, 2015, Plaintiff was involved in a fight with another inmate. He was seen that same day by the jail nurse for pain in his right hand, who provided him with ice and Ibuprofen. The following day, he was again seen by the nurse, who placed him in the booking area for observation and examined him again the next day.

On August 27, 2015, Plaintiff had a court appearance and complained to the judge that he

---

[1] Because Plaintiff was in a county jail, he very well may have been a pretrial detainee, meaning that his claims are properly brought under the due process clause of the Fourteenth Amendment, as opposed to the cruel and unusual punishment clause of the Eighth Amendment. "Nevertheless, [the Sixth Circuit has] held consistently that pretrial detainees 'are . . . entitled to the same Eighth Amendment rights as other inmates," and that "'[t]he analysis set forth in Farmer [v. Brennan, 511 U.S. 825 (1994)], although rooted in the Eighth Amendment . . . applies with equal force to a pretrial detainee's Fourteenth Amendment claims.'" Nallani v. Wayne Cty., 665 F. App'x 498, 506 (6th Cir. 2016) (citations omitted).

was not being provided adequate medical treatment. The judge heard from the nurse who explained that no x-ray had been taken because Plaintiff's hand was swollen, and the results could therefore be inaccurate. Nevertheless, the judge directed that an x-ray be taken. An x-ray that same day revealed that Plaintiff had a fracture in his hand. Plaintiff was then placed on the doctor's list of inmates to be seen.

On September 5, 2015, a Nurse Practitioner went to the jail and examined Plaintiff. She ordered that Plaintiff be provided Ibuprofen and that arrangements be made for an appointment with an orthopedic surgeon. Defendant Ealey called for an appointment that same day and was given the first available date, which was September 9, 2015.

In the interim, on September 8, 2015, the jail learned that Plaintiff was hoarding his Ibuprofen, which prompted the Nurse Practitioner to stop administering it. The next day, Plaintiff was taken by his jailers to see an orthopedic surgeon who apparently directed Plaintiff to return for a follow-up visit. That visit was scheduled for September 23, 2015, during which the physician ordered Plaintiff to return in one month.

On October 22, 2015, Plaintiff was involved in a second fight and punched an inmate with the same injured fist. He did not, however, seek medical treatment at that time.

On October 30, 2015, Plaintiff refused to return to the orthopedic surgeon for his follow- up visit. Instead, he requested that he be returned to general population within the jail.

On November 16, 2015, Plaintiff was moved to general population as requested, but refused to be seen by the nurse practitioner. At the time, Plaintiff stated that his hand was fine.

An Eighth Amendment violation occurs when "[o]fficials are deliberately indifferent to [a] prisoner's serious medical needs," Comstock v. McCrary, 273 F.3d 693, 701 (6th Cir. 2001), and a

claim under that Amendment has both an objective and subjective component. Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008) (citing Farmer, 511 U.S. at 833). Based upon the only evidence before the Court, Plaintiff cannot establish either component of an Eighth Amendment claim, let alone both.

As for the objective component, a "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 570 (6th Cir. 2013). That is not satisfied here. Before the x-ray was taken, Plaintiff had what appeared to be only a swollen hand; after the x-ray, which revealed a fracture, Plaintiff received treatment by medical professionals. See, Blackmore v. Kalamazoo Cty., 390 F.3d 890, 897 (6th Cir. 2004) (citation omitted) (stating that for a medical need to be obvious, it must appear so, "even to a layperson" and must "'involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem'").[2]

As for the subjective component, which requires a culpable state of mind, a plaintiff must show that "'the official knows of and disregards an excessive risk to inmate health or safety[.]'" Harrison, 539 F.3d at 518 (quoting, Farmer, 511 U.S. at 837). While a plaintiff need not prove that the official acted "for the very purpose of causing harm or with knowledge that harm will result," a plaintiff must "show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." Comstock, 273 F.3d at 703 (citation omitted). There is nothing before the Court to

---

[2] The Court recognizes that the objective component may also be satisfied based on "the prison's failure to treat a condition adequately," but in such circumstances the prisoner must produce "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." Santiago v. Ringle, 734 F.3d 585, 590 (6th Cir. 2013) (citations and internal quotation marks omitted). Plaintiff has provided no such evidence in this case.

4

suggest that either Defendant Bullard or Ealey had such a state of mind.

Based upon the foregoing, Defendants' Motions for Summary Judgment (Docket Nos. 57 & 64) are hereby GRANTED and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE. The Clerk of the Court shall enter a final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE